■ NICHOLAS J. ROUDIS JR. et al., Respondents, v STEVEN HUBBARD, Doing Business as PAUL-REID ASSOCIATES, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Klein, J.H.O.), entered April 5, 1990 in Ulster County, upon a decision of the court in favor of plaintiffs.

In March 1986 defendant contracted to sell plaintiffs a parcel of land and construct a modular home thereon in the Town of Saugerties, Ulster County. The contract called for, among other things, the installation of styrofoam insulation and footing drains. Shortly after moving into the finished house in July 1986, plaintiffs noticed, *inter alia,* that the drains and insulation were never built into their home.

Plaintiffs commenced this action in May 1987 alleging causes of action for breach of contract and negligent construction arising from the deficiencies they found in their new home. During the subsequent nonjury trial, Supreme Court denied defendant's motion at the close of plaintiffs' case to dismiss plaintiffs' claims for loss of value based on defendant's failure to install the footing drains and styrofoam insulation called for in the contract. After the trial concluded, Supreme Court awarded plaintiffs damages of $5,700 plus interest, costs and disbursements. This appeal by defendant ensued.

Defendant argues that because he substantially performed the contract, plaintiffs' damages should have been calculated as the difference in value of the house with and without the alleged deficiencies. This position is premised on paragraph 5 of the contract, which states that "if the final product substantially complies with the plans and specifications * * * [the] purchaser must complete this transaction, and the sole remedy for variations between the final product and the plans and specifications is limited to * * * damages in the amount of the difference in market value between the product delivered and that set forth in the plans and specifications". Defendant argues that a literal reading of paragraph 5 compels the conclusion that because his proof tended to show that the omission of the footing drains and styrofoam insulation did not diminish the value of the house, plaintiffs did not sustain any damage. We disagree.

Defendant correctly argues that when a breach of contract by a builder is immaterial, as when one brand of materials of comparable quality is substituted for the brand called for in the contract, or when an unintentional deviation from a nonessential contract requirement is made, the measure of damages is the value of the house with and without the specified material or contract deviation (see, Jacob & Youngs v Kent, 230 NY 239, 244; American Std. v Schectman, 80 AD2d 318, 321-322, lv denied 54 NY2d 604). We hold that this principle is inapplicable to the factual pattern herein. The "diminution in value" measure of damages which defendant insists is applicable herein may only be judicially applied where the contractor's breach was unintentional and constituted substantial performance in good faith (American Std. v Schectman, supra, at 323-324).

Here, defendant testified that he did not install the footing drains even though they were required by the contract because he did not believe they were needed due to the sandy nature of the soil. He also testified that he didn't install the

styrofoam insulation, even though it was specified in the contract, because he thought it was unnecessary. Accordingly, inasmuch as defendant breached the contract intentionally and complete performance would involve doing something that was promised and left out rather than correcting something that was improperly done, we conclude that the correct measure of damages is the cost of completion. Here, because defendant decided to omit the styrofoam insulation and footing drains rather than substitute some other material, the measure of damages becomes the cost of those items to be installed. Because the damages awarded plaintiff reasonably relate to those costs, the judgment must be affirmed.

Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.